UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUSAN GERARDI, as beneficiary, )
and on behalf of all beneficiaries of )
the Estate of JOANNE REBEIRO )
    Plaintiff, )
                                 )                      C.A. No. 09-288-M
v. )
                                 )
WILLIAM M. CONLIN, M.D., et al.)
    Defendants. )
_____)

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Plaintiff Susan Gerardi brought this medical negligence action against Defendants The Westerly Hospital, Dr. William Conlin, and physician's assistant Lisa Ahava, to seek redress for her mother, Joanne Rebeiro's death caused by an infection. After a more than two-week trial, a jury returned a unanimous verdict for all Defendants. Ms. Gerardi moved for a new trial (ECF No. 89) and Defendants objected (ECF No. 96). Because the Court will not overturn the jury's verdict and does not find any prejudice arising from Defendants' closing argument, Ms. Gerardi's motion for a new trial is DENIED.

I.    **FACTS AND TRAVEL**

The case involved Ms. Gerardi's allegations that the Defendants, The Westerly Hospital and its Emergency Room doctor and physician's assistant, Dr. William Conlin and Lisa Ahava failed to diagnose an infection that caused her mother's death a few days later.[1] At trial, a series of experts gave conflicting testimony about the standards of care for medical practitioners and

---

[1] Ms. Gerardi also brought claims for respondeat superior and failure to provide informed consent.

whether Dr. Conlin and P.A. Ahava breached those standards. Based on their unanimous verdict for the Defendants on November 7, 2012, it is clear to the Court that the eight-member jury gave greater weight to the Defendants and their experts over the Plaintiff's experts.

Ms. Gerardi bases her motion for a new trial on two grounds: 1) that the jury's verdict was against the weight of the evidence and 2) that defense counsel's comments during closing argument about other possible sources of Ms. Rebeiro's infection were improper and prejudicial in light of the Court's exclusion of this testimony in limine, resulting in an incorrect verdict.

## II. STANDARD OF REVIEW

A "court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A district court may order a new trial "'only if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice.'" *Crowe v. Marchand*, 506 F.3d 13, 19 (1st Cir. 2007) (quoting *Casillas-Díaz v. Palau*, 463 F.3d 77, 81 (1st Cir. 2006)). Judicial interference with a jury verdict is warranted only where the verdict represents "'a blatant miscarriage of justice.'" *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 565 (1st Cir. 2003) (quoting *Sanchez v. P. R. Oil Co.*, 37 F.3d 712, 717 (1st Cir. 1994)).

"It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusions as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable." *Tennant v. Peoria & Pekin Union Ry. Co.*, 321 U.S. 29, 35 (1944). The Court "cannot displace a jury's verdict merely because he disagrees with it" or because "a contrary verdict may have been

equally ... supportable." *Ahern v. Scholz*, 85 F.3d 774, 780 (1st Cir. 1996) (internal citation omitted). In other words, a district court judge does not sit as a thirteenth juror who may set aside a verdict simply because that court would have reached a different conclusion. *United States v. Rothrock*, 806 F.2d 318, 322 (1st Cir. 1986).[2]

## III. DISCUSSION

Keeping in mind the deferential standard of review that the Court undertakes with regard to a jury's unanimous verdict, the Court turns to Ms. Gerardi's two arguments in support of her new trial motion.

### A. The Verdict Was Against the Weight of the Evidence

Both sides agree that Ms. Gerardi had the burden to prove her case. Ms. Gerardi argues that she presented the jury with "a substantial quantum of evidence" of each element of her negligence, informed consent, and respondeat superior claims such that the jury's verdict for the Defendants was against the weight of that evidence.[3] In her motion, she sets forth the elements of her claims and references generally the evidence that she contends proved her burden by a preponderance of the evidence. Defendants counter that many of the facts that Ms. Gerardi argues were uncontested were, in fact, contested and that any conflict in the evidence or expert testimony was within the jury's province to weigh and resolve.

Ms. Gerardi has not established sufficient grounds to convince the Court to disturb the jury's verdict and its collective wisdom under these circumstances. Ms. Gerardi's arguments generally relate to the standards of care required of the medical providers, evidence about the

---

[2] The Court honors and respects the collective wisdom of our citizen jurors. A jury of citizens should arrive at a better verdict than one person acting alone, because a jury acts collectively and consists of multiple people with diverse backgrounds, perspectives, and points-of-view.

[3] This Court certainly agrees that Ms. Gerardi put on sufficient credible evidence to establish each element of each of the counts in her complaint. But obviously, the Court's analysis at the motion for a new trial stage does not end there.

3

level of Ms. Rebeiro's pain, and whether Defendants should have tested her blood and/or administered antibiotics. Factual disputes between experts and lay witnesses are within the jury's province and are meant to be resolved within the jury system. After reviewing all of the evidence in this case, the Court finds that there was evidence on both sides of each of these issues such that the jury was equipped to weigh the evidence and decide the facts; certainly, the evidence was not "grotesquely lopsided" for either side. *Freeman v. Package Mach. Co.*, 865 F.2d 1331, 1334 (1st Cir. 1988). Moreover, the Court instructed the jury on the law applicable to each of Ms. Gerardi's claims and on the burden of proof of each element of those claims. Given the fact and expert testimony on both sides of this case, the Court does not find that the jury's verdict was against the weight of the evidence or that it represents "'a blatant miscarriage of justice.'" *Acevedo-Garcia*, 351 F.3d at 566 (quoting *Sanchez*, 37 F.3d at 717). The jury simply decided in favor of one side's version in a disputed factual case. Therefore, Ms. Gerardi's motion for a new trial on this ground is DENIED.

### B.  Defense Counsel's Comment During Closing Argument

Ms. Gerardi alleges that defense counsel's comments during closing argument regarding other "possible" sources of Ms. Rebeiro's infection were inappropriate and prejudicial. These comments, she argues, were made in contravention to the Court's previous in limine ruling that evidence and testimony about other possible sources of Ms. Gerardi's infection was not admissible through Defendants' expert witness. While Ms. Gerardi does not cite specific comments, she argues that defense counsel impermissibly invited the jury to speculate about what caused Ms. Rebeiro's infection.[4]

---

[4] Ms. Gerardi did request a curative instruction to address two references post-closing argument, the Court declined to give one in order to avoid highlighting the issue before the jury.

4

"In assessing the effect of allegedly improper conduct by counsel, the Court must examine the totality of the circumstances, including (1) the nature of the comments; (2) their frequency; (3) their possible relevance to the real issues before the jury; (4) the manner in which the parties and the court treated the comments; (5) the strength of the case; and (6) the verdict itself." *Granfield v. CSX Transp., Inc.*, 597 F.3d 474, 490 (1st Cir. 2010). In support of her argument, Ms. Gerardi asserts that the comments encouraged the jury to blame Ms. Rebeiro's daughters for her infection, they were made close in time to the jury receiving the case for deliberation, increasing the likelihood that those comments would impact its verdict, and in light of the obvious strength of her case, were clearly prejudicial as they resulted in a verdict for the Defendants.

The Court finds no misconduct whatsoever by Defendants' counsel in this hard and well-litigated case. Even though the Court acknowledged upon Ms. Gerardi's objection post-closing that defense counsel's comments may have been out of the bounds of the Court's in limine ruling, given the totality of the circumstances, any such comments had no prejudicial effect on this verdict. The First Circuit has held that a "district court's standard instruction, advising jurors that arguments of counsel are not evidence, [are] adequate to dispel any prejudice from improper remarks." *United States v. Ayala-Garcia*, 574 F.3d 5, 21 (1st Cir. 2009); *see, e.g., United States v. Mooney*, 315 F.3d 54, 60 (1st Cir. 2002); *Arrieta-Agressot v. United States*, 3 F.3d 525, 529 (1st Cir. 1993). In this case, the Court instructed the jury both before opening and closing arguments that arguments of counsel are not evidence. *See* Trial Tr. at 14, Oct. 22, 2012; Trial Tr. at 1-2, Nov. 7, 2012. In fact, before closing arguments, the Court additionally instructed the jury that they "have heard all the evidence, you will have all the evidence with you in the jury room" and that they "will determine the facts in this case during [their] deliberations."

*See* Trial Tr. at 2, Nov. 7, 2012. The Court does not find any comments made during closing argument to be improper, but, in light of the totality of the circumstances, finds that they did not prejudice the result. Therefore, the Court DENIES Ms. Gerardi's motion for a new trial on this ground as well.

## IV.  CONCLUSION

The Court finds that the jury's verdict in this case was reasonable and consistent with the credible evidence and the law. There is no reason for the Court to second-guess the jury's determinations after a hard-fought and well-tried case. Ms. Gerardi's Motion for a New Trial (ECF No. 89) is DENIED.

IT IS SO ORDERED.

*/s/ John J. McConnell, Jr.*
John J. McConnell, Jr.
United States District Judge

Dated:  April 12, 2013